CHAPMAN ET AL. V. POCOCK ET AL.

Where the parties to be affected adversely by the relief sought, on error
to this court, are not before the court, this court will not review
the rulings and judgment of the court below.

*Error to District Court of Lake County.*

THE facts are stated in the opinion.

Mr. R. D. THOMPSON and Mr. W. H. NASH, for plaintiffs
in error.

Mr. H. C. DILLON and JOHN Q. CHARLES, for defendants
in error.

STONE, J.  The only question brought up for review
relates to the taxing of costs in the case.   The plaintiffs
were one of eight different sets of attaching creditors,
who brought separate suits against the defendants in the
district court of Lake county.   Upon petition of all the
plaintiff creditors a receiver was appointed by the court
to take and dispose of the goods of the defendant firm
for the benefit of the creditors.   The goods, when seized
by the sheriff under the attachment writs, were in the
hands of a third party, who intervened in the suits as
prior claimant of the property.   The suits were after-
wards dismissed at the costs of the plaintiffs, according
to stipulation, the receiver was discharged, and all the
property and proceeds in the hands of the receiver ordered
to be paid and delivered to the intervenor.   A referee was
appointed by the court to investigate the accounts and
doings of the receiver and report his proper compensa-
tion, and upon a hearing had upon the report of the ref-
eree, and upon exceptions to the report of the receiver,
the court approved the receiver's report and taxed up the
costs as follows: the clerk's and sheriff's fees were taxed
to each party plaintiff as the same were incurred by each
severally, and the total amount of the fees, costs and ex-

penses of the receiver, as approved by the court, was divided into eight equal parts, and one-eighth of the whole taxed against each of the eight parties plaintiff.

At a succeeding term of the court, and before another judge of said court, defendants moved for final judgment against the plaintiffs for the costs as theretofore allowed and taxed, when a cross-motion was made by the plaintiffs in error herein to retax the costs so as to apportion the costs of the receiver in proportion to the respective amounts sued for by each party plaintiff, instead of taxing an equal portion to each.

The amounts of the several claims sued for varied from a few hundred to several thousand dollars, that of the plaintiffs in error being $328.80, and the largest of the others being $4,473.67; and it was claimed by plaintiffs in error to be inequitable that each should be taxed a like amount of the compensation and costs of the receiver.

In respect to the amount of compensation and costs allowed the receiver, which appears to have swallowed up the most of the property that came into his hands, and in respect to the proportion of costs taxed to plaintiffs in error, which greatly exceeded the amount of their entire claim against the defendants, the case certainly presents features of hardship rarely met with in litigation; but there is another feature of the case, a consideration of which precludes us from interfering to reverse the ruling and judgment of the court below complained of.   Since the property attached passed out of the hands of the defendants, and was adjudged by the court to go to the intervenor, the plaintiffs dismissing their suit at their own costs, it is evident that a retaxation of the costs would not affect the defendants in the least.   The only parties to be affected by such retaxation of costs are the other plaintiffs, the co-plaintiffs of plaintiffs in error, and those parties, not having been made parties to the action in this court, are not before us.   In this view it is unnec-

essary for us to pass upon the question whether, if such co-plaintiffs had been made parties to the *scire facias* herein, this court would be warranted, upon the case presented by the record, in reversing the ruling of the court below, and directing a retaxation of the costs, as prayed by the plaintiffs in error. It is sufficient to say that the only parties to be affected adversely by the relief sought herein are not before us, and hence we cannot review the rulings and judgment of the court below, in the absence of proper and necessary parties to the action therefor.

*Affirmed.*