## BARTHOLOMEW *v.* UNION TRUST COMPANY AS RECEIVER OF THE MUTUAL LIFE INSURANCE COMPANY.

[No. 5,294. Filed June 28, 1905. Rehearing denied October 24, 1905.]

1. TRUSTS.—*Expenses.*—*When Chargeable to Fund.*—All expenses in the administration or the creation of a trust fund, but not the expenses of litigation to reduce such fund, are chargeable to such fund. p. 329.

2. SAME.—*Expenses.*—*Intervenor's Attorney's Fees.*—Where an intervenor, in a suit wherein a receiver for a mutual life insurance company was appointed, files his suit to cancel a bond and mortgage ostensibly owing from him, and was successful therein on appeal, the fact that such decision furnished a precedent for settling similar claims and prevented further litigation does not justify the payment of such intervenor's attorney's fees out of such receiver's funds. p. 330.

3. SAME.—*Expenses.*—*Powers of Court Over.*—*Appeal and Error.* —Where the trial court refuses to order payment of an intervenor's attorney's fees out of a trust fund, the Appellate Court will not reverse such order because it is alleged that such trial court orally agreed, before such services were rendered, that the same should be paid from such trust fund. p. 330.

4. SAME.—*Expenses.*—*Advice by Attorney for Opposing Party.*— An intervenor's attorney can not claim compensation from a trust fund, where his client's action reduced the assets thereof, because of the fact that he advised other parties to make settlement on the terms of the decision in such intervenor's case. p. 331.

From Superior Court of Marion County (54,629); *James M. Leathers,* Judge.

Intervening petition by Pliny W. Bartholomew against the Union Trust Company as receiver of the Mutual Life Insurance Company. From a decree for defendant, plaintiff appeals. *Affirmed.*

*Jesse D. Hamrick,* for appellant.

*Ovid B. Jameson, Frederick A. Joss, Linn D. Hay* and *Henry B. Brandon,* for appellee.

ROBY, J.—The trial court sustained the receiver's demurrer for want of facts to an intervening petition for an allowance by Pliny W. Bartholomew, who declined to plead further, and appeals from the judgment thereupon rendered against him. The facts upon which the intervenor founds a claim against the estate for services as an attorney at law are, in effect, as follows: One Huter intervened in the receivership case, and asked that a bond and mortgage given by him to the insolvent company be found paid and ordered canceled. The conclusions of law were against him. He appealed to the Supreme Court, and secured the reversal of a judgment following the conclusions. *Huter* v. *Union Trust Co.* (1899), 153 Ind. 204.

The claim presented by the intervenor arises out of services rendered by him as an attorney for Huter in such litigation. The following propositions are quite thoroughly established: 1. Expenses incurred in the administration of the trust are payable out of the fund. *Trustees* v. *Greenough* (1881), 105 U. S. 527, 26 L. Ed. 1157. Expenses of litigation by which the fund is created or preserved are also chargeable against it. *Central R., etc., Co.* v. *Pettus* (1884), 113 U. S. 116, 5 Sup. Ct. 387, 28 L. Ed. 915. Where the object of the litigation is to diminish or destroy the fund, expenses incurred in its prosecution are not thus chargeable. *Trustee* v. *Greenough, supra.* The effect of the appeal was to reduce the assets of the insolvent company, and the services rendered were rendered for one who by the litigation sought to diminish the

trust fund, and was to some extent successful in so doing, and ought not, therefore, to be made the basis of a claim for compensation out of such fund.

Additional facts are set up in the petition and relied upon to make the case an exception. They are: (1) That the result of the appeal was to establish a rule by which many similar claims throughout the State were expeditiously settled without litigation, and its establishment, which could not have been had without the appeal, was to the advantage of the trust, and its cost, therefore, a proper charge against the fund. The advantage thus secured was an incidental one. The duties which were performed by the intervenor were such as were due from him to his client, whose interest was adverse to the trust, and there is therefore no warrant for his payment out of the fund. *Ober, etc., Co.* v. *Macon Construction Co.* (1897), 100 Ga. 635, 28 S. E. 388.

(2) That the appeal was taken at the suggestion of the judge of the court in which both the receivership and the action against Huter were pending, and in reliance upon a statement by him that he would, in view of the desirability of procuring an early and authoritative construction of the contract involved therein, make an order for the payment of expenses and fees thus incurred by the receiver. The allowance of costs, expenses and attorneys' fees incurred in litigation beneficial to a trust estate is largely discretionary with the lower court, and is upon appeal treated as presumptively correct. *Stuart* v. *Boulware* (1890), 133 U. S. 78, 33 L. Ed. 568, 10 Sup. Ct. 242. *Trustees* v. *Greenough, supra.* It appears that during the pendency of the appeal an allowance of $125 was made for the expenses thereof. Had the trial court made a further allowance to the intervenor, the question of its power so to do would be directly involved; but, having refused to make such allowance, this court can not reverse

its action because of previous alleged oral agreements between its judge and the intervenor.

(3) That after the determination of the appealed cause the intervenor aided and assisted the receiver by explaining the effect and force of the decision to various persons who were sent to him by said receiver, and "advised them to settle their claims in accordance therewith." The duty of an attorney is to his client, whose corresponding duty it is reasonably to compensate him. Such duty is not consistent with the payment of his fees by the opposite party. There is in this case no suspicion of unprofessional conduct or misconduct, and the advice given to such persons was evidently correct, and to their interest; but it would be a dangerous precedent to recognize the right of an attorney to charge one party for advice given to the other pursuant to any kind of an arrangement to which the person advised is not a party.

Judgment affirmed.