## BULLOCK *v.* CLARKE, RECEIVER, ET AL.

[No. 8,495.   Filed March 25, 1913.]

1. RECEIVERS.—*Appointment.*—*Authority.*—*Employment of Attorney.*—A receiver appointed to take charge of and hold all money and bonds arising out of the assessment for certain street improvement, until a determination could be had of the rights of various claimants to the same, was merely a custodian of the funds and had no power to employ an attorney, or to incur expense in any other manner, where the order of appointment directed that he should file an inventory, and that he should do no other act as such receiver pending the final judgment and until otherwise ordered by the court.  p. 114.

2. RECEIVERS.—*Employment of Attorneys.*—*Discretion of Court.*—The necessity of permitting attorneys to assist a receiver in protecting the funds and property in his hands for the benefit of all persons interested, and the amount of allowance that should be made out of the trust estate for such services, are within the discretion of the trial court, and its determination will not be disturbed on appeal unless there is manifest error.  p. 115.

3. RECEIVERS.—*Attorneys.*—*Right to Compensation from Trust Estate.*—In an action by a contractor against several claimants to money and bonds arising from the assessments for a street improvement constructed by plaintiff, to recover a balance alleged to be due him under the contract, where the court appointed a receiver to take charge of the money and bonds and to hold same pending the final judgment in the cause, and it was finally adjudged that plaintiff was not entitled to any of such money or bonds, the attorney for the plaintiff, who was not employed by and rendered no services for the receiver, was not entitled to compensation out of the funds held by the receiver, even on the theory that his services were beneficial in preventing a dissipation of the funds.  p. 115.

From Superior Court of Marion County (21,462); *Charles J. Orbison,* Judge.

Bullock *v.* Clarke—53 Ind. App. 112.

Petition by Henry W. Bullock against Charles B. Clarke, receiver, and others, for an allowance for attorney fees to be paid out of funds in the hands of the receiver. From a judgment refusing the allowance, the petitioner appeals. *Affirmed.*

*Henry W. Bullock,* for appellant.
*Major A. Downing,* for appellees.

IBACH, C. J.—On August 30, 1910, John E. Sullivan filed in the Marion Superior Court this cause of action against the Title Guaranty and Surety Company, the controller of the city of Indianapolis, and a number of other defendants. In his complaint he claimed to have entered into a contract with the city of Indianapolis for the improvement of certain of its streets and that there was still owing to him the sum of $2,000 out of the fund derived from assessments against the abutting property affected by the improvement. Appellee, Title Guaranty and Surety Company, was his bondsman in the performance of the work for the city, and it also claimed an interest in the same fund. It was also averred that appellee, David F. Smith, had taken an assignment of the assessment rolls as security for sums of money advanced by him to said Sullivan to be used in the purchase of material, and for the payment of labor. A part of the prayer was that plaintiff may have judgment, and "that a receiver be appointed for the funds and bonds to arise from the improvement and for an injunction against the city officials from paying over any money to either the surety or assignee."

The court appointed a receiver on November 18, 1910, and ordered him "to take charge of and hold" all money and street improvement bonds arising out of the assessment roll for said improvement, that he shall within ten days file an inventory of all money and bonds coming into his possession,

and "shall do no other act or acts as such receiver in this cause or in connection with said personal property, pending the final judgment of this court in this cause and until the court shall otherwise order."

Appellant does not claim that he prepared and filed Sullivan's complaint and procured the appointment of the receiver. But afterward, on June 29, 1912, when the original suit came on for trial, appellant was employed by and appeared for Sullivan and acted as his attorney in the prosecution of his claim of $2,000 and the surety company and the assignee, Smith, were likewise represented by their attorneys. At this trial the decree of the court was that Sullivan take nothing by his action and that the sum of money and bonds held by the receiver be paid to the surety company and assignee. Sullivan filed his motion for new trial, and prayed an appeal to this court, which was not perfected. On the same day the motion for new trial was overruled, appellant filed his petition in the cause, wherein he asked the court to allow him $1,000 attorney's fees and that such fees should be taxed as a part of the costs of the receivership. A hearing was had on this petition and judgment was entered denying the request of the petitioner. This appeal presents the question of the correctness of the court's ruling in denying such petition. It will be observed that the inter-

1. locutory decree or order appointing the receiver, the material portions of which we have heretofore set out, limits and restricts the power of such receiver to very narrow bounds. By such order he became merely a custodian of the money and bonds then in the hands of the officers of the city. Under such an order he could not employ an attorney or perform legally any act pertaining to the trust estate beyond the power granted to him by the order of appointment. *Herrick* v. *Miller* (1890), 123 Ind. 304, 307, 24 N. E. 111. The order did not authorize him to incur any

expense either in employing an attorney or in any other manner, and the fact was developed by the testimony of appellant that he was never employed by the receiver to perform any service connected with the receivership.

Appellant insists, however, that his services resulted in saving the fund from being dissipated and, therefore, his fees should be charged against the trust property.

2. We recognize the rule to be that the necessity of permitting attorneys to assist a receiver in protecting the funds and property in his hands for the benefit of all parties interested therein and the amount of the allowance out of the trust estate for such services is largely within the discretion of the trial court, and its determination of that matter will not be disturbed unless there is manifest error, but we cannot agree with appellant in the insistence that the trial court abused that discretion in this case. The receiver did not employ appellant; appellant's client,

3. as it was found by the court, had no interest whatever in the trust estate; the only parties who were entitled to these properties were represented by their own attorneys; and the only services performed in protecting the fund and saving it for the rightful owners were rendered by them, and not by appellant. His services were rendered solely for his client Sullivan, and tended rather to reduce the fund to be distributed to the proper owners than to preserve it. The facts show that as far as the duties of the receiver were concerned, he needed no assistance, for the court had very fully protected the funds in his hands by the order appointing him. Nothing was left to be done except for the court to ascertain who were the parties entitled to such funds, the separate attorneys, including appellant, representing the several claimants were in no sense representing the receiver, and under the facts of this case the fees of such attorney are not chargeable against the funds held in trust for those rightfully entitled to them. See *Bar-*

*tholomew* v. *Union Trust Co.* (1905), 36 Ind. App. 328, 329, 75 N. E. 31.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 311. See, also, under (1) 34 Cyc. 290, 291; (2) 34 Cyc. 466; (3) 34 Cyc. 290, 364. As to the nature in law of a receiver's possession, see note to *American, etc., Bank* v. *McGettigan* (Ind.), 71 Am. St. 352.