No. 13,100.

WEST COLFAX LOAN CORPORATION *v.* CULP.
(13 P. [2d] 257)

Decided July 5, 1932.

Mr. Graham Susman, for plaintiff in error.

Mr. C. R. Froman, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

The county court rendered judgment for Bernice Culp in her action against West Colfax Loan Corporation, and the latter seeks a reversal of the judgment.

The loan corporation, claiming to be the holder of a second deed of trust on certain property operated as a sanitarium, brought suit in the district court to foreclose the same. Upon its application, the court, on August 12, 1929, appointed a receiver of the rents and profits, with power to employ help. At that time Mrs. Culp was operating the sanitarium under employment by the owner. The receiver employed her to continue in that capacity, and also employed her husband. The receiver operated the sanitarium at a loss. As it was considered inadvisable to continue the business, the receiver, in October, 1929, discharged the Culps, leaving a part of their salaries unpaid. Culp assigned his claim to Mrs. Culp. In April, 1930, the loan corporation dismissed the foreclosure suit and the receiver was discharged. The receiver had no money on hand at the time of his discharge. In April, 1931, Mrs. Culp commenced this action before a justice of the peace and recovered judgment. The case was appealed to the county court, where she obtained judgment for $145.36.

■ 1. The receiver was requested by the loan corporation and appointed by the court for the purpose of conducting the business of the sanitarium, and the loan corporation was fully aware of the receiver's employment of the Culps to carry on that business. After it thus caused the incurring of the expense, the loan corporation dismissed the case, thereby preventing a foreclosure sale (if it was entitled to one) and the obtaining thereby of funds with which to pay the receiver's expenses. The record does not disclose whether the abandonment of the foreclosure suit was because the loan corporation had no cause of action, or because, though having a cause of action, it concluded to save further expense and loss incident to the operation of the sanitarium by the receiver. As the present action was commenced before a justice of the peace, there are no written pleadings. Considering the nature of the case, the facts disclosed by the record are few; but it is asserted in the brief filed in behalf of Mrs. Culp, and not denied in the reply brief, that the foreclosure suit was dismissed with prejudice. That would seem to indicate that at that time the loan corporation had no cause of action. But, however that may be, the foreclosure suit was dismissed by the loan corporation, and, of course, the judgment of dismissal—a final judgment—imposed upon the loan corporation the costs of the proceedings.

In the circumstances recited above, the loan corporation was liable for the claims of the Culps. *Welch v. Renshaw,* 14 Colo. App. 526, 59 Pac. 967; *German National Bank v. Best,* 32 Colo. 192, 75 Pac. 398; *Tabor v. Bank of Leadville,* 35 Colo. 1, 83 Pac. 1060; *Highley v. Deane,* 168 Ill. 266, 48 N. E. 50; 1 Clark on Receivers (2d Ed.), §60 (c); 53 C. J., p. 307, §506 (6).

If this were all there is to the case, the judgment would be affirmed. However, at the trial the court committed an error that will necessitate a reversal of the judgment.

■ 2. The loan corporation offered to prove by its secretary, Mr. Heller, that about two days after the re-

ceiver employed Mrs. Culp as manager, Heller told her "that the West Colfax Loan Corporation had sustained a large loss upon their mortgage and that the company would not under any circumstances pay out any additional sums for any reason whatsoever, and that if Mrs. Culp desired to continue, that she would have to look to the income of the property for her salary; that the said Heller was assured by Mrs. Culp that the place could easily show a profit if all the income received was applied properly; that under her management, she could show a profit, and that she was satisfied to continue under such an arrangement." It also offered to prove by its attorney, Graham Susman, that he had substantially the same conversation with Mrs. Culp on the day the receiver was appointed. Counsel for Mrs. Culp objected to the offer, and the court sustained the objection. In rejecting the offered evidence, the trial court committed reversible error. There is no sound reason why Mrs. Culp could not waive her right to hold the loan corporation liable for her salary, and agree to look, for compensation, only to the profits of the business she was employed to manage. Of course, unless Culp was a party to a similar waiver and agreement, the judgment, to the extent of his claim, would be valid.

The judgment is reversed for trial upon the question whether the Culps, or either of them, agreed to look, for compensation, only to the profits of the business, or otherwise waived the right to collect compensation from the loan corporation.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE MOORE concur.