KELLOUGH v. TAYLOR.

No. 29928.   Oct. 14, 1941.

Rehearing Denied Dec. 2, 1941.

*119 P. 2d 556.*

R. W. Kellough, of Tulsa, for plaintiff in error.

Arrington & Miller, of Shawnee, for defendant in error.

CORN, V. C. J. The plaintiff in error, hereinafter referred to as plaintiff, instituted this proceeding by filing an application, denominated as a petition, in three cases in the district court of Pottawatomie county, said cases being No. 14837, Oil Well Supply Company v. H. H. Taylor et al.; No. 14769, P. J. Burke et al. v. H. H. Taylor et al.; and No. 14828, A. F. Bourne, Receiver, v. H. H. Taylor et al., for an allowance of a fee for services rendered in said cases, and in two cases appealed to this court, to wit, No. 25912, Gypsy Oil Co. v. Oil

Well Supply Co. et al., and No. 25926, Glen J. Smith et al. v. Oil Well Supply Co. et al., which resulted in a benefit to this defendant, H. H. Taylor. (Opinion in two cases last named withdrawn and appeal dismissed.)

The relation of client and attorney did not exist in any of these cases between the parties to this proceeding, but the plaintiff did represent a number of lien claimants and was successful in enforcing their claims against a producing oil and gas leasehold, in which the Gypsy Oil Company owned one-fourth interest, J. E. Burke, one-fourth, and this defendant, H. H. Taylor, one-half interest. While prosecuting these claims against these interests, the plaintiff was friendly toward the interests of H. H. Taylor as against the Gypsy Oil Company and J. E. Burke, who were seeking to charge Taylor's one-half interest in the lease with all the mechanics' and materialmen's liens, and the plaintiff contends that although Taylor was represented by other counsel, it was through his efforts that the claims were finally adjudged and enforced against the whole leasehold and not against Taylor's half interest alone.

The defendant did not file any pleading in this cause, but appeared by attorney and objected to any allowance being made by the court to the plaintiff. The court heard the evidence of the plaintiff and found therefrom that the application for a fee under the circumstances was not proper, and therefore denied the same, and the plaintiff brought this appeal.

The plaintiff claims the right to the allowance of an attorney's fee under the rule that a court of equity, or a court in the exercise of equitable jurisdiction, will, in its discretion, order the allowance of attorney fees to counsel who, at his own expense, maintained a successful suit for the preservation, protection or increase of a common fund, or common property, or who has created at his own expense, or brought into court, a fund in which others may share with him.

The question here presented for determination is whether the plaintiff, under the facts and circumstances in this case, is entitled to the allowance of an attorney's fee against the interest of the defendant, H. H. Taylor.

The plaintiff concedes that his claim is not based upon any relationship of attorney and client or upon any contract express or implied, but rests solely upon certain principles of equity. The plaintiff bases his claim principally upon the fact that as a result of services which he had rendered to his clients in the enforcement of their claims against the leasehold estate in its entirety over the contention of the Gypsy Oil Company and J. E. Burke that only the one-half interest of H. H. Taylor was chargeable with said claims, the defendant had been left in better condition than he would have been had the contentions of the Gypsy Oil Company and of J. E. Burke prevailed.

The plaintiff admitted that he had received from his clients approximately $1,150 for his services, and that he had been allowed and had been paid out of the whole property the additional sum of $1,500 for extraordinary services, but urges that since his services resulted in a special benefit to the defendant of which he would have been deprived but for the efforts of plaintiff, that by reason thereof there arises in equity a right in the plaintiff to claim an attorney fee and to have the same impressed as a lien on the property of the defendant.

It is uncontroverted that the defendant, as a final result of the litigation, was left in a better condition than he would have been had the plaintiff not succeeded in enforcing his clients' claims against the whole property instead of the one-half interest of the defendant, but under these circumstances the rule enunciated in Sprague v. Ticonic National Bank, 307 U. S. 161, 59 S. Ct. 777, 83 L. Ed. 1184; Trustees of Internal Improvement Fund v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Cen-

tral Railroad & Banking Co. of Ga. v. Pettus, 113 U. S. 116, 5 S. Ct. 387, 28 L. Ed. 915; Wallace v. Fiske, 80 F. 2d 897, 107 A.L.R. 726; City of Wewoka v. Banker, 117 F. 2d 839; Colley v. Sapp, 44 Okla. 16, 142 P. 989, and cases annotated in 49 A.L.R. at pages 1149, et seq., and 107 A.L.R. pages 749 et seq., does not apply, since the rule is not applicable in ordinary adversary proceedings (Eckford v. Atlanta, 173 Ga. 650, 160 S. E. 773; Christian Women's Benevolent Ass'n v. Atlanta Trust Co., 181 Ga. 576, 183 S. E. 551; Standard Lbr. Co. v. Interstate Trust Co., 82 F. 2d 346), nor where there has been neither a creation, addition, nor protection of a common fund (Hempstead v. Meadville Theological School, 286 Pa. 493, 134 Atl. 103, 49 A.L.R. 1145), nor does it have application where the benefit is merely incidental (Tull v. Nash, 141 F. 557; Davis v. Seneca Falls Mfg. Co., 17 F. 2d 546; Huff v. Bidwell, 115 C.C.A. 332, 195 F. 430; Bullock v. Clark, 53 Ind. App. 112, 101 N. E. 311; O'Doherty v. Bickel, 166 Ky. 708, 179 S. W. 848; Ann. Cas. 1917A, 419).

The plaintiff was seeking to compel the defendant to pay a fee which he had neither expressly nor impliedly contracted to pay, and for a benefit which had only incidentally and individually affected the defendant in an adversary proceeding. Under the principle enunciated in the foregoing decisions, the plaintiff was not entitled to the allowance which he sought. The trial court properly denied the application.

Judgment affirmed.

WELCH, C. J., and OSBORN, GIBSON, DAVISON, and ARNOLD, JJ., concur. RILEY and BAYLESS, JJ., absent. HURST, J., not participating.