DOUGLAS *v.* JONES.

4-7325                                          179 S. W. 2d 181

Opinion delivered April 3, 1944.

*Mann & McCulloch, Harrelson & Harrelson* and *Norton & Butler,* for appellant.

*James C. Hale,* for appellee.

ROBINS, J.   Appellants, composing three firms of attorneys, by this appeal, seek to have increased the

amount of the fee allowed to them by the lower court for services rendered on behalf of Tri-County Drainage District. As attorneys for certain taxpayers of this district appellants filed and prosecuted to a successful conclusion an intervention in a proceeding in the chancery court of Crittenden county, Arkansas, wherein the affairs of said drainage district were being administered under a receivership. The subject-matter and result of this litigation is fully shown in our opinion in the case of *Douglas* v. *Thompson,* 206 Ark. 92, 176 S. W. 2d 717, decided April 26, 1943.

Appellants assert that their services brought about a saving to the taxpayers of approximately $100,000, effected by the cancellation of principal and interest of certain bonds in the hands of L. K. Thompson, the recovery of a judgment against the Bank Commissioner, the recovery of a judgment against the estate of W. B. Rhodes, and the cancellation of certain bonds carried as assets of the Bank of Marion at the time it ceased to do business. Appellee district concedes that the net saving to it by reason of the litigation handled by appellants amounted to $72,500, which, according to its contention, includes $43,000 in bonds held by L. K. Thompson which were canceled, $12,000 interest thereon, and a judgment for $17,500 against the Bank of Marion. Appellee contends that the judgment against the estate of W. B. Rhodes for $7,500 was not obtained through the efforts of appellants, and that an agreement as to the cancellation of $15,000 in bonds held by the Bank of Marion had already been made before appellants filed the intervention.

The testimony established that appellants were employed by a committee appointed at a meeting of landowners of the district, and the agreement entered into between the committee and appellants was that the fee of appellants was to be contingent and was to be based on the amount saved for the taxpayers by the efforts of appellants, and that this fee should be paid by the district. The result of the litigation discloses that the lower court did not abuse its discretion in ratifying this

employment, as it impliedly did. The landowners themselves raised approximately $4,000 to pay preliminary expenses, a large amount of which was used for paying an auditor to make an investigation and audit of the financial affairs of the district.

Appellants and several other experienced attorneys testified as to the nature of the services rendered by appellants and that a fee of $20,000 to appellants would be a reasonable one. One attorney testified on behalf of appellee that $10,000 would be a reasonable fee. The lower court ordered that all costs and expenses incurred by interveners be repaid to them by the district and that appellants be allowed a fee in the sum of $10,000, to be paid by the receivers as an expense of the receivership. The fee thus allowed to appellants is in addition to the amount advanced to them by their clients for retainer or expenses, which appears to be approximately $1,500.

The district has not cross-appealed, and no question has been raised as to the authority of the lower court to require the district to pay fees of attorneys for the district's taxpayers.

The record in this case discloses that appellants were competent and outstanding attorneys, that they diligently prepared and skillfully conducted their case, and that their efforts resulted in a net saving of at least $72,500 to the taxpayers of the district.

While appeals from chancery court are tried *de novo* in this court, the rule long adhered to by us is that we do not reverse a finding of a chancery court, unless it is against the preponderance of the testimony. *England* v. *Scott*, 205 Ark. 47, 166 S. W. 2d 1014; *Benton* v. *Southern Engine & Boiler Works*, 101 Ark. 493, 142 S. W. 1138.

Furthermore, the matter of allowance of expenses of a receivership is peculiarly within the sound discretion of the trial court. "Ordinarily the allowance of attorney fees in a matter of this character rests in the sound discretion of the trial judge of the court where the service is performed. *Tracy* v. *Spitzer-Rorick Trust*

& *Savings Bank*, (C.C.A.) 12 F. 2d 755. Such court is better able to pass on the question than any other court, it is more familiar with the controversy in all its phases, and there is some presumption to be indulged in favor of the correctness of its finding. . . . A judge of a trial or appellate court is not bound by the opinion of experts as to attorney fees. He is an expert himself, and knows as well as a legal expert what are reasonable attorney fees." *Federal Oil Marketing Corporation, et al.,* v. *Cravens,* (C.C.A., Eighth Circuit) 46 F. 2d 938.

The rule is thus expressed in the case of *Myers* v. *Mutual Life Insurance Co.,* 36 Ind. App. 328, 75 N. E. 31: "The allowance of costs, expenses, and attorney's fees incurred in litigation beneficial to a trust estate is largely discretionary with the lower court, and is upon appeal treated as presumptively correct."

In the case of *Welch* v. *Renshaw,* 14 Colo. App. 526, 59 Pac. 967, the Colorado Court of Appeals said: "It (the fixing of fee of receiver and counsel for receiver) is a matter very largely within the discretion of the court, and, if . . . it does not plainly appear that there has been an abuse of discretion, the action of the court will be upheld."

The Supreme Court of the United States, in the case of *Stuart* v. *Boulware,* 133 U. S. 78, 10 S. Ct. 242, 33 L. Ed. 568, in passing upon the question of amount of fees of counsel of a receiver, said: "Like all questions of costs in courts of equity, allowances of this kind are largely discretionary, and the action of the court below is treated as presumptively correct, 'since it has far better means of knowing what is just and reasonable than an appellate court can have,' as was remarked by Mr. Justice BRADLEY in *Trustees* v. *Greenough,* 105 U. S. 527, 26 L. Ed. 1157, where the subject is considered."

To reverse the decree of the chancery court in this case, we must find not only that it was against the weight of the testimony, but that there was such an abuse of discretion by the lower court as to invoke an exercise of the corrective power of this court. While these appel-

lants rendered valuable services, which justified the allowance of a substantial fee, we are unable to say that the lower court abused its discretion in the matter. It follows that the decree of the lower court must be affirmed.

SMITH, J., not participating.