ON rehearing.
Per Curiam.
We have carefully read and considered the briefs of counsel on the rehearing granted in this cause, but see no reason to change the views which we have heretofore expressed. On the contrary, we are more strongly confirmed in the conclusions which we announced in the original opinion herein. We feel there is no doubt that, alike on reason, principle and authority, it was not only the privilege, but the duty of the court, under the circumstances in this case, to tax the unpaid expenses of the receivership against the plaintiffs herein, the parties at whose instance the receiver was appointed, and by whose special request he was invested with the powers and duties prescribed in the order of his appointment. Where a receiver is wrongfully appointed, this is unquestionably the rule. Beach on Receivers, § 119; Weston v. Watts, 45 Hun, 219.
We see no difference in principle between such case and the one now presented. The principal portion of the debts incurred in this instance was to laborers rightfully employed by the receiver, under the terms of his appointment, for the carrying on of work, which he was expressly directed to do by the request of plaintiff. There being no fund left in the *534 hands of the receiver to apply on the payment of these debts, and no property out of which they could be paid, it would be an anomalous condition of affairs, as well as manifestly unjust and inequitable, to say that these debts could not be taxed as costs against the party at whose instance they were incurred, and that each of these laborers should go unpaid or should be compelled to incur the expense and delay of collecting the sum due him by independent suit against the plaintiffs. The receiver is an officer of the court, and what he rightfully does under the direction of the court is the act of the court itself. If, therefore, the contention of the plaintiffs in this case is correct, a court of equity would permit itself to be made the instrument of injustice and oppression. Such a conclusion cannot be countenanced.
As to proof of the claims, we again say, as expressly appears from the record, that the report made in October was the final report of the receiver, it being so designated and so treated, and to this there were no exceptions attacking the validity of these debts. Even, however, if proof was required, the report of the receiver, the authorized officer of the court, was proof, and there was no attempt to overcome it by the plaintiffs.
The contention that the plaintiffs may be subjected to double litigation, because of the alleged facts that each one of these laborers may bring suit against plaintiffs for his claim, is without merit. The receiver is an officer of the court, and the moneys coming into his hands are under control of the court. Therefore, the court would have ample power, if plaintiffs should under its order pay to the receiver or into court the sums taxed against it, to compel the receiver to disburse it promptly to the proper claimants, in full satisfaction of their demands.
We also think the claim of plaintiffs that counsel fees should not have been allowed without some proof of the value of the services, and without proof that the receiver had first paid them, is not tenable. The legal services for which counsel fees were allowed were rendered in proceed *535 ings in the identical court in which all of the receivership matters were pending. The extent of the services were therefore, known to the court, and as to the amount of the allowance, that was within its discretion, and was a mere question as to its reasonableness.
The same may be said with reference to the compensation allowed the receiver. Neither may be said to have required any proof of value, unless there had been some services rendered of a peculiar and technical character, and not within the personal knowledge of the court. Stuart v. Boulware, 133 U. S. 78.
There may he some apparent conflict of authority on some of these questions, but when the eases are examined, it will be found, we think, that the conflict is more apparent than real. It will be seen that there are varying circumstances in each case upon which the chancellor before whom the matter was pending based his rulings, but the underlying principle was the same in all.
For these reasons, we adhere to our opinion formerly announced, and the judgment will be affirmed.

Affirmed.