FIDELITY TRUST COMPANY, assignee, &c., complainant,

*v.*

J. H. HALSEY & SMITH, LTD., defendant.

[Submitted July 11th, 1921.   Decided November 14th, 1921.]

1. Whether counsel to a receiver have a status to appeal from the award of a counsel fee as inadequate, *quære.*

2. An award of compensation to counsel of a receiver rests in the sound discretion of the court and is presumably correct, and such award will not be reversed on appeal unless there is a plain abuse of discretion.

---

On appeal of Austen H. McGregor, receiver of J. H. Halsey & Smith, Ltd., and Hugh B. Reed and Robert D. Reynolds, partners, counsel to said receiver, from an order advised by Vice-Chancellor Foster fixing the compensation of said counsel.

*Messrs. Reed & Reynolds,* for the receiver and counsel.

*Messrs. Smith & Slingerland,* for the receiver of T. P. Howell & Company, a creditor of defendant.

The opinion of the court was delivered by

PARKER, J.

The appeal attacks the award of the compensation awarded by the court to counsel to the receiver of J. H. Halsey & Smith,

11

Ltd.; as inadequate. The appellants are the receiver himself and Reed & Reynolds, his counsel. The order appealed from allowed the receiver for his total compensation $2,500 instead of $6,500, asked by him, and to the counsel $5,000 instead of $10,000, for which they, as said counsel, applied. Both the receiver and the counsel figure as appellants in the notice and petition of appeal.

We encounter an important difficulty at the outset, in the question whether said counsel have any standing as appellants. Are they legally "aggrieved" by the order in the sense intended by section 111 of the Chancery act (*Comp. Stat. p. 450*) ? We know of no reported case in this state in which counsel have been recognized as appellants in a case of this kind, although awards of counsel fees have been considered on appeal on the ground that they were excessive. *Hitchcock* v. *American Pipe and Construction Co., 90 N. J. Eq. 576*. In other jurisdictions, appeals by counsel have sometimes been considered. *Stone* v. *Omaha Fire Insurance Co.* (appeal of Morsman, Nebraska), *86 N. W. Rep. 468; Myers* v. *Mutual Life Insurance Co.* (appeal of Bartholomew, Indiana), *75 N. E. Rep. 31; Anderson* v. *Steger* (*Ill.*), *50 N. E. Rep. 665,* was a case where the attorney in a divorce action appealed from the legal ruling that he was not entitled to any counsel fee.

Passing this point, which was not argued or raised by counsel, and passing also the question whether the receiver is himself aggrieved by a supposedly inadequate allowance to his counsel, we have considered the matter on the merits. The vice-chancellor said that he did not intend to be regarded as holding that the amount asked was unreasonable, but that he considered the award made by him under the circumstances was reasonable. The inconsistency is more apparent than real. Both amounts may be reasonable, or any intermediate amount. The fundamental rule is that the amount lies in the discretion of the court, having regard to all the circumstances; that the action of the court is presumptively correct, and will be upheld if it does not plainly appear that there has been an abuse of discretion. *34 Cyc. 466; Trustees* v. *Greenough, 105 U. S. 527; Stuart* v. *Boulware, 133 U. S. 78.* There can be little doubt that counsel performed much efficient service with good results, and it may well be that a larger

allowance would have been fully justified, but, on the other hand, counsel are fully aware that in serving an officer of the court they must look to the discretion of the court for their reward, and that in a large proportion of administration suits the fees cannot measure up to what a solvent client should pay. We are quite unable to say that there was any abuse of discretion in this case, and the order brought up will therefore be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK—14.