ROGERS, J.
This is an appeal by the Manhattan Oil Refining Company, Inc., from *300 a judgment on its opposition to the final account of the receivers of the Pelican-Petroleum Products Company.
The salient íacts, as shown by the record, are that the Louisiana Oil Exporting Company, as a creditor of the Pelican Oil Refining Company, brought suit against said' company to recover the amount of its debt. The defendant filed an answer and a reconventional demand, but later, when the suit was called for trial, confessed judgment for a lesser sum than for which it was sued. This judgment was paid in part, but, the balance remaining unpaid, plaintiff came into court and set forth that the only asset of its judgment debtor was the stock of the Pelican Petroleum Products Company, Inc., to whom all of the assets of its said debtor had been transferred by act under private signature. Plaintiff-alleged that both its judgment debtor and said Pelican Petroleum Products Company, Inc.,, were insolvent, and prayed for the appointment of a receiver to said corporations. Upon admissions contained in the answers filed by both companies that they were unable to pay their debts, Ralston S. Cole and Harry S. Levy were appointed receivers.
An inventory of the assets of the Pelican Petroleum Products Company, Inc., was taken, and, in due course, under orders of court, said assets were sold, realizing in the aggregate the sum of $21,500. Thereupon the receivers filed their final account, which was opposed by four alleged creditors. Judgment 'was rendered on these oppositions, and this appeal followed.
Appellant claims to be a judgment creditor of the Pelican Petroleum Products Company, Inc., in the sum of $6,441.12, with interest, etc., which judgment it avers, by reason of the recordation thereof in the parish of gt. Bernard, operated as a judicial mortgage on the property of its debtor in said parish, and entitles appellant to be paid by preference and priority out of the proceeds of the sale of said property.
Appellant complains of the following errors in the judgment appealed from, viz.:
(1) The award to the state of Louisiana of an amount to cover the taxes for the years 1920 and 1921.
(2) The maintenance of the opposition of the city of New Orleans for the taxes of 1921.
(3) The allowance to the attorney who defended the corporations in the receivership proceedings, $250.
(4) The allowance to Ralston E. Cole of the amount of mortgage note, plus interest to April 15, 1922, $13,418.64.
(5) The rejection of opponent’s claim for a lien and privilege on the proceeds of the sale.
I. The court below erred in sustaining the opposition of the state for taxes, since the state had filed no opposition. There was a rule taken id the receivership proceedings for taxes alleged to be due the state by the Pelican Oil Refining Company, Inc., but this rule, after hearing, was discharged, and the assessments on which the 'taxes sought to be collected were based were canceled and annulled by judgment from which no appeal was taken.
II. The judgment maintaining the opposition of the city of New Orleans is correct. Opponent’s claim is for taxes due on money at interest, credits, bills receivable, and other personal property. The situs of this property for the purpose of taxation was the city of New Orleans, the domicile of the tax debtor.
The appointment of the receivers had the effect of enjoining the municipal authorities from seizing and selling the property of the tax debtor to satisfy the taxes due.
Shortly after the receivers had qualified, the city treasurer proceeded by rule to enforce the city’s claim, gee Constitution of 1921, § 11, art. 10; Act 170 of 1898, §§ 49 and *302 54. In answer to this rule, the receivers averred they were presently without funds to pay the taxes; that, if they should come into possession of any funds, and it be found any taxes were due the city of New Orleans, they would place said city on their regular tableau of disbursements.
It was the duty of the receivers to provide for the payment of said taxes. Section 49 of Act 170 of 1898. In filing their account, however, they overlooked the claim of the city, which further protected its rights by filing an opposition to said account.
On the trial of its opposition, the city proved the correctness of the assessment and the amount of the taxes due. Opponent is therefore entitled to h^ve its claim satisfied in full out of the proceeds of the sale of the property of its tax debtor.
III. The allowance of $250 as a privileged claim, the fee of the attorney of the defendant corporations in the receivership proceedings, is incorrect, The evidence shows that the fee was allowed the said attorney for services to both corporations in preparing their answers admitting insolvency and consenting to the appointment of the receivers. We know of no law, and none has been pointed out to us, which creates a lien and privilege on the funds of a receivership in favor of tile attorney of a defendant corporation for his services in consenting to the appointment of a receiver for his client.
IV. Ralston S. Cole, one of the receivers, appears on the account as a privileged creditor for $13,418.64, amount due on a certain mortgage note.
The note in question was originally for $21,060, and was given by the Pelican Oil Refining Company, Inc., to the Whitney-Central National Bank. It was secured by a chattel and special mortgage executed by both the Pelican Oil Refining Company, Inc., and the Pelican Petroleum Products Company, Inc.
When the note had been reduced in principal to about $12,000, it was taken up from the bank by the wife of the president of the mortgagor corporations, and was subsequently transferred by her to Mr. Cole. The note, which is in evidence, contains numerous notations and indorsements, among them being one 'reading, “Paid, April 15/22. Released by act passed before me this April 15/22,” with the signature of the notary public attached thereto.
On the trial of the opposition it was sought by opponent to impeach this alleged claim on cross-examination of the receiver who claimed to own it. Objection to the testimony was first made by the witness himself on the ground that his acquisition of the note was a private transaction with which opponent had no concern. His counsel thereupon interposed an objection, based upon the same ground, to the admissibility of the testimony, which was sustained by the court.
We are at a loss to understand the ruling of the lower court. The note was, admittedly, acquired after maturity, and as such its consideration and the good faith of the holder were proper subjects for inquiry- by a judgment creditor averring injury to his own claim by reason of the asserted validity of the note.
It is manifest, if opponent can have this obligation destroyed and stricken from the record, its own claim will profit to the extent of the amount set aside for the payment of said obligation.
We think opponent is entitled to make full inquiry into the facts and circumstances surrounding the acqhisition of this note by the wife of the president of the mortgagor corporations and of its transfer by her. to its present holder, and of the significance of the word “Paid” and accompanying notations as they appear on said note.
V. Opponent’s judgment was recorded in the parish of St. Bernard in M. O. Book 21, *304 folio 204, on November 12, 1921. Tbe mortgage securing the note of the Pelican Oil Refining Company appears in the transcript as inscribed in M. O. Book 30, folio 392, without the date being shown.
Opponent claims that, as its judgment appears of record in Book 21, whereas the conventional mortgage appears of record in Book 30, it is entitled to priority of privilege and payment.
It is contended on behalf of the holder of the mortgage note that the notation of the recordation of the mortgage securing the note as being in Book 30 is an error; that the recordation was actually in Book 20, which shows that the mortgage was recorded prior to opponent’s judgment.
It is also contended that the recordation of the judgment did not operate as a judicial mortgage against the property mortgaged to secure the note because said property was movable and not immovable. This contention was evidently upheld by the court below, since it rejected opponent's claim as privileged and only recognized said claim as an ordinary debt.
Since we have determined that this case must be remanded in order to allow full investigation and examination to be had in regard to the mortgage note held by Ralston S. Cole, it is unnecessary for us at this time to pass upon the question of whether or not the alleged judicial mortgage in favor of opponent attached to the property mortgaged to secure the note of Mr. Cole. If it is shown on the remand of this case that the obligation held by Mr. Cole is a valid and subsisting obligation, and that the mortgage securing same was recorded prior to the judgment, the proceeds of the sale of the property will be exhausted, and there will be no funds left to apply on the said judgment. The effect of recordation of the judgment as a judicial mortgage will have become merely a moot question. If, on the other- hand, opponent shall be successful in destroying the obligation represented by the mortgage note, and in having it stricken from the receivers’ account, the question of whether or not the recordation of opponent’s judgment operated as a judicial mortgage entitling it to be paid by preference out of the proceeds of the sale will become an issue to be considered and determined.
We have, therefore, concluded that the whole matter of this disputed item of the account should be left at large, and for that reason the judgment recognizing opponent as an ordinary creditor - should be set aside, leaving the character of opponent’s claim, whether privileged or ordinary, for future determination as hereinbefore indicated.
For the reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment herein appealed from be set aside in so far as it maintained the opposition of the state of Louisiana for taxes and dismissed the opposition of the Manhattan Oil Refining Company to the fee of $250 of the attorney for the defendant corporations as a privileged creditor, and it is now ordered that the claim of the state of Louisiana for taxes be dismissed, and that the said claim of the attorney of the defendant corporations as a privileged creditor be disallowed, and that he be placed on said account as an ordinary creditor for said amount.
It is further ordered, adjudged, and decreed that the said judgment in so far as it dismissed the opposition of said Manhattan Oil Refining Company to the item “Due Ralston S. Cole, amount of mortgage note, plus interest to April 15, 1922, $13,418.64,” and allowed said item to stand as a privileged claim, be set aside.
It is further ordered that said judgment in so far as it dismissed the opposition of the said Manhattan Oil Refining Company as a privileged creditor, but ordering opponent placed on said account as an ordinary creditor, be set aside.
It is further ordered, adjudged, and de *306 creed that this case be remanded to the lower court on the opposition of said Manhattan Oil Refining Company for the purpose’of making full investigation and inquiry into and concerning the aforesaid mortgage note held by Ralston S. Cole with a. view of ascertaining whether same is an existing and valid obligation, and, if so, whether same outranks the claim of the Manhattan Oil Refining Company, if it' be. found that said claim is itself privileged, for which purpose this case-is also remanded, all in accordance with the views herein expressed.
It is further ordered, adjudged, and' decreed that as herein amended the judgment appealed from be affirmed at the cost of this receivership.