## BRYAN et al. v. EARLY et al.

## ADAMS et al. v. MERCER.

### (No. 6805.)

(Court of Civil Appeals of Texas.    Austin.
Nov. 5, 1924.)

**1. Receivers ⬤〰198(1)—Compensation allowed to receiver held not excessive.**

Allowance of $1,000 as compensation to receiver who handled estate for approximately 2½ years, increased rental value of property $30 per month, collected $3,500 in rent, paid debts to extent of $6,961.75, sold real estate for $18,600, one-half cash, and sold purchase-money notes at face value, held not excessive.

**2. Receivers ⬤〰198(2)—In absence of statute compensation is largely within discretion of court.**

In absence of statute, receiver's compensation is matter largely within discretion of court.

**3. Receivers ⬤〰198(1)—That bond required was small held not to affect amount of receiver's compensation.**

That receiver's bond was comparatively small held not to affect amount of his compensation, in absence of complaint or any showing of insolvency or inefficiency.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit for partition of the estate of the property of J. R. Adams, deceased, between F. F. Bryan and others, and J. McCalla Early and others, wherein J. E. Mercer was appointed receiver. From order fixing receiver's compensation, first-named parties appeal. Affirmed.

R. L. Carlock, of Fort Worth, for appellants.

Frank H. Rawlings, of Fort Worth, for appellees.

J. E. Mercer, of Fort Worth, pro se.

BLAIR, J. The sole question raised by this appeal is whether an allowance of $1,000 as compensation to the receiver, appointed to take charge of the property sought to be partitioned in the above-styled suit by the heirs of J. R. Adams, is excessive and out of all fair and just proportion to the value and character of the services rendered.

J. E. Mercer, a practicing attorney, was appointed receiver of the property of J. R. Adams, deceased, partitioned in this suit, on July 5, 1920, and served until his final report, January 15, 1923. The principal estate of J. R. Adams as partitioned consisted of 100 feet square out of block 47, in the city of Fort Worth, on which was located two two-story houses and one cottage, in a bad state of repair. As receiver he did the ordinary services of a real estate broker, such as renting and repairing the property, paying the taxes thereon, and insuring the property; and in addition made a very beneficial adjustment of a delinquent tax charge of $1,400 for a little more than $1,100 for the estate. He complied with a demand of the police authorities as to repairs on the property. He succeeded in increasing the rental of the property $30 per month, and collected rents that were in arrears and accruing during his receivership, of about $3,500. He paid notes and debts against the estate to the extent of $6,961.75. He made the effort during all this time to sell the property un-

der order of the court, and conferred with the parties litigant who were having contention amongst themselves, and with the court practically every week during the time he acted as receiver. A real estate broker procured a purchaser for the property who paid a consideration of $18,600, and the receiver assisted in making the sale; and in addition corrected objections made to the title and removed cloud on the same. The sale was for one-half cash and one-half credit. The purchase-money notes were sold by the receiver for their face value. He paid $600 to the real estate broker for procuring a purchaser. He distributed, the residue of the estate, after paying all debts, to the heirs as directed by the court in the partition thereof. The court required of him a bond for $1,000, conditioned as the law requires in such matters. The receiver filed his report and asked for $1,250 compensation, which was contested for the reason above stated; and the court after a full hearing allowed $1,000 to the receiver; to which allowance both the receiver and the parties contesting excepted, but the receiver makes no cross-assignment of error herein. The complainants commend the receiver for the businesslike and efficient manner in which he discharged his duties, the only complaint being that the allowance is excessive and out of all fair and just proportion to the value and character of service rendered.

[1, 2] We are of the opinion that under this state of facts this court would not be warranted in disturbing the judgment of the trial court. Cyc. lays down the rule governing such matters as follows:

"In absence of statutes, the amount of receiver's compensation is within the sound discretion of the trial court from which he receives his appointment." 35 Cyc. 470, § c (a).

Other authorities hold:

"Like all questions of costs in courts of equity allowances of this kind are largely discretionary, and the action of the trial court is treated as presumptively correct since it has far better means of knowing what is just and reasonable than appellate court can have." 23 R. C. L. pp. 137, 138, § 147; Stuart v. Boulware, 133 U. S. 78, 10 S. Ct. 242, 33 L. Ed. 568.

[3] The complainants urge that the bond was small. · No complaint was ever made as to this except on this appeal, and we think it cannot affect the judgment. No showing is made that the receiver was insolvent, or that he in any way failed to perform any of his duties, and the further contention that he was a special friend of the court is wholly without merit. The judgment will be affirmed.

Affirmed.