**SMITH v. MORRIS et al.**

No. 5263.

Circuit Court of Appeals, Third Circuit.

Feb. 21, 1934.

Sidney E. Smith in pro. per. and A. J. Davis, both of Philadelphia, Pa., for appellant.

Aaron Finger and Richards, Layton & Finger, all of Wilmington, Del., for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

A bill was filed in the District Court of the United States for the District of Delaware against Peoples' Light and Power Corporation, praying for the appointment of a receiver. Later, Albert L. Register and others, being interested in Class A stock of the respondent corporation, moved through their attorney, Sidney E. Smith, of Philadelphia, for leave to intervene. The motion was granted. Although ordinarily the judge in the District of Delaware appoints receivers of his own selection without nomination by parties or their attorneys, in this instance, on request by the court the complainants suggested the appointment of Hugh M. Morris, who then was receiver for certain related corporations. The intervenors, speaking through Mr. Smith, suggested that Harold S. Schutt be appointed co-receiver. The court appointed these two gentlemen, both resident in the District of Delaware. Early after embarking upon their duties, the receivers retained the law firm of Richards, Layton and Finger, of Wilmington, as general counsel. Immediately there arose an embarrassing situation which, without reflecting upon anyone, must, we regret, be stated in order to show what this appeal is about.

In a later proceeding it came to light that, before the intervention, the moving Class A stockholders thought a receiver should be appointed who would particularly look after their interests and who, to that end, would retain Mr. Smith, their attorney, as counsel or one of counsel for the receivers. Upon inquiry of an outside party, Harold S. Schutt was suggested as a person who could be relied upon to do these things. All of this occurred during Mr. Schutt's absence from home and without his knowledge. After he had been appointed and had qualified, Mr. Smith called upon Mr. Schutt and requested that he and Hugh M. Morris retain him as counsel, or one of counsel, for the receivers, bringing to his attention for the first time the grounds on which he had suggested him to the court for appointment. Mr. Schutt, having an altogether different conception of the duties of a receiver, disavowed any knowledge of what had gone before, disclaimed any purpose to represent interests of any particular class, and denied any obligation on his part to appoint Mr. Smith, the attorney for Class A stockholders, as counsel for the receivers. Mr. Smith thought, and said, that Mr. Schutt had not in honor kept the bargain (made for him by someone else) and, using his own words, "demanded that he retain him with

Mr. Richards or resign" so that he could apply to the court for the appointment of another receiver and thereby assure Class A representation in the receivership and in its guidance by counsel. Thereupon Mr. Schutt, being averse to a situation which imposed upon him obligations he had not assumed, indicated his purpose immediately to resign. This met with active opposition by Hugh M. Morris, the other receiver, and by the law firm appointed as their solicitors, all of whom, realizing the peculiar problems of the receivership, wished Mr. Schutt to remain as receiver because of his especial fitness, bred of long experience with public utilities, to be a receiver in a matter of this kind. The situation was grave. As a way out, and particularly as a means of retaining the services of Mr. Schutt, it was suggested by one of the solicitors already retained that the receivers employ Mr. Smith as there would be a lot of work in the receivership and they could find something for him to do. Acting on this advice, the receivers retained Mr. Smith without in any way designating him general, special, joint or separate counsel. They just employed him. Other lawyers elsewhere were similarly employed.

Mr. Smith represented the receivers in a few matters turned over to him early in the receivership and the law firm of Richards, Layton and Finger represented them generally and continuously for about one and one-half years when the receivers, by petition, asked the court for ad interim allowances for themselves and for the named law firm, their general counsel, stating that Sidney E. Smith, Esquire, had been employed as one of their counsel and had performed services for them to some extent but the allowance for solicitors' fees, asked for by the petition, was not intended to cover or relate to services rendered by him, nor was it contemplated that he was to be paid or receive any part of the fees allowed to the law firm. Thus, for the time being, the matter of Mr. Smith's fees was left open. He, however, by answer to the petition, asserted that he was from the inception of the receivership associated with the firm of Richards, Layton and Finger as general counsel for the receivers and, accordingly, asked the court to make allowances of fees to the firm and to himself jointly. The receivers, insisting that they had not retained Mr. Smith as general counsel jointly with Richards, Layton and Finger, resisted his application for a division of fees, though they did not object to an application for fees for himself alone. After a hearing in which Mr.

Smith steadfastly, and no doubt honestly, held to his claim of joint representation because of his standing as attorney for the intervening Class A stockholders and because of an understanding which he claimed existed in that regard by all concerned, the court made an order refusing his application for allowance of fees to the law firm and himself jointly and allowed him separately a fee of $5,000 "as full and final compensation for his services as counsel for the receivers," on a finding that his employment had been terminated. From that order Mr. Smith appealed and has filed several assignments of error in respect to testimony which are insubstantial and by the remaining assignments has raised two questions to which we shall advert presently.

We think there are two other questions which stand out from the record, and that a ruling on one or the other takes precedence over all else. The first is:

Whether an attorney for a receiver has a right to appeal from a discretionary order of the court awarding attorney fees in the administration of an estate where no abuse of discretion is alleged?

We pass by that question (Stuart v. Boulware, 133 U. S. 78, 10 S. Ct. 242, 33 L. Ed. 568) and come to one which is not debatable. That question arises on the receivers' motion to dismiss the appeal and may be stated thus:

■■■ If there is in any case a right of appeal in a matter of fees, whether Mr. Smith has waived that right by accepting and retaining the fee allowed him by the order appealed from?

Actually, Mr. Smith is appealing from the whole order. Although it contains two paragraphs, one denying the allowance of joint fees, the other allowing Mr. Smith a separate fee, it is but one order, the two paragraphs being related and consistent one with the other. Mr. Smith is endeavoring to appeal from that part of the order which denied his contention that he is a joint solicitor with Richards, Layton and Finger and, accordingly, denied him an allowance as such, while at the same time he is retaining the benefits of the order by which he, separately, was allowed, and paid, $5,000, with the allowance distinctly marked "as full and final compensation for his services." In doing this, he is confronted by a rule of law, than which none is better settled, that one "who accepts the benefits or any substantial part of the benefits of a judgment or decree is thereby estopped from reviewing and escaping from its

burdens." He cannot avail himself of its advantages, and then question its disadvantages in a higher court. Albright v. Oyster (C. C. A.) 60 F. 644; Chase v. Driver (C. C. A.) 92 F. 780, 786; Spencer v. Babylon R. Co. (C. C. A.) 250 F. 24; In re Minot Auto Co., Inc. (C. C. A.) 298 F. 853; Oriole Phonograph Co. v. Kansas City Fabric Products Co. (C. C. A.) 34 F.(2d) 400.

Only recently this court had occasion to apply this rule in United Engineering & Foundry Co. v. Cold Metal Process Co., 68 F.(2d) 564, where the trial court had held the patent sued upon valid yet dismissed the bill for infringement because of an outstanding and valid license held by the defendant thereunder. Holding on to that part of the decree which bestowed upon it the benefits of the license, the defendant, in substance, appealed from the other part of the decree which it did not like. The court dismissed the appeal. While there was involved in that case a principle of patent law not involved in this case, the theory on which the appeal was dismissed is the same.

Although we shall dispose of this appeal on the purely legalistic aspect of the case raised by the receivers' motion to dismiss, we have given attention to the merits of the case as developed at the full hearing which the learned trial judge gave the appellant. It may not be amiss, in view of the high standing of all parties concerned in this awkward situation, to state our views, which, briefly, are these:

Mr. Smith, in the zeal of counsel, misconceived the theory of appointment and thereafter the function of receivers in acting as an arm of the court, not for a faction but for the whole body of stockholders and creditors of the corporation in receivership. Mr. Schutt had a perfectly correct conception of a receiver's duties in that regard. These are the matters which underlay the trouble of legal representation and fees.

Turning to the record of the hearing, we discover, upon the first question involved in this appeal, evidence which sustained, indeed, which compelled, the court's finding that the appellant's retention as counsel for the receivers was not jointly with others and, accordingly, enough to sustain its action in refusing him participation in the fee awarded the others and in allowing him a separate fee. On the second question presented: "Will the court countenance a breach of faith by one of its officers, a receiver, in the performance of an obligation on the part of that receiver to the persons upon whose applica-

tion he was appointed," we find no evidence of an obligation on the part of Mr. Schutt, the receiver named, on which a breach of faith can be predicated. Over the like finding by the trial court (implicit in its order) in a purely discretionary and administrative matter, this appellate court has no supervisory jurisdiction even if it were of a contrary opinion.

The appellees' motion is allowed and the appeal dismissed.