### PALMER et al. v. WATSON et al.
### No. 331.

Circuit Court of Appeals, Second Circuit.
July 31, 1941.

John B. Doyle, of New York City (John B. Doyle and Frank C. Laughlin, both of New York City, of counsel), for Harold Palmer et al., as Committee for Holders of Unmodified Guaranteed 7% Stock of Manhattan Railway Company, appellants.

Duer, Taylor, Wright & Woods, of New York City (John S. Chapman, Jr., and Harter F. Wright, both of New York City, of counsel) for Theodore S. Watson and others, as Committee.

William C. Chanler, Corp. Counsel (William S. Gaud, Jr., and Leo Brown, all of New York City, of counsel), for City of New York.

Chester W. Cuthell, of New York City (Robert W. Maloney, Jr., of New York City, of counsel), for Transit Commission.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

This is another of the many appeals which have been taken from orders made in the equity receivership of the Interborough Rapid Transit Company. It relates to allowances for compensation and expenses sought by the so-called Palmer Committee for the Unmodified Guaranteed 7% stock of the Manhattan Railway Company not as ordinary receivership charges payable out of the general estate but as payments to be made pursuant to an approved plan of unification out of stock and cash allowable to the securities represented by the committee. The order from which the Palmer Committee has appealed allowed it expenses of $15,366.99; unpaid counsel fees to the amount of $15,000; nothing for services; and provided that the stock on deposit with it should be delivered to the depositary under the plan of unification free of all other claims of the committee. Much greater allowances were sought and this appeal was taken.

A comparatively brief recital of the events leading to the appeal will make the issues clear. The equity receivership of the Interborough Rapid Transit Company was extended to the Manhattan Railway Company by the appointment of a receiver for the latter on September 6, 1932. On September 28, 1932, the appellants were permitted to intervene as a protective committee for Manhattan's guaranteed stock. This committee had been formed under a stockholder's protective agreement dated August 26, 1932 which provided for the payment to the committee by the depositing holders of reasonable accounts to be filed, by the committee after the completion of its service or the termination of the agreement, with the depositary named in the agreement with the express limitation, however, that no depositor should be required to pay more than three dollars for each share of his deposited stock.

The receivership proceedings, after about eight years, resulted in a plan of unification which provided in Art. 6 that: "The legal, accounting, engineering and other expenses and compensation of each of the Contracting Committees and of each of the Assenting Committees * * * whether heretofore or hereafter agreed to be paid or whether heretofore or hereafter incurred in the receivership proceedings or in securing assents to the Plan or otherwise, all subject to the approval of the District Court, shall be paid out of the Corporate Stock or cash allocable under Article Four of the Plan to the securities of the class represented by such Committee." The depositary now holds in reserve a balance of $103,222.68 from which any additional amounts allowed the appellants might be paid.

There was another committee repre-senting the Manhattan 7% Guaranteed Stock, known as the Watson Committee, which had on deposit much more stock than did the appellants and which was actively engaged in bringing about the plan which was approved and to which the appellants assented only after considerable opposition. The Watson Committee has appeared to oppose this appeal as have the City of New York as a holder of guaranteed stock and the Transit Commission of the State of New York pursuant to Art. VII, Secs. 122–129, of the New York Public Service Law, Consol.Laws, c. 48.

The unification plan was the result of a plan of organization proposed by the City of New York which was really a group of offers that in the aggregate were made to all creditors. There was no lump sum to be distributed except by allocating what the City paid to various groups and distributing the sum allocated to a group among its members. The jurisdiction of the court to act to that end is not altogether clear since normally what would go to any group under the plan providing for group payments would be paid to it and how its members divided it among themselves would not be so germane to the receivership proceedings that the court would decide what depositing stockholders owed a protective committee or such a committee owed its attorneys. Yet we have resolved any doubt in favor of jurisdiction since in any event the payments by the City were the proceeds of the receivership property in the custody of the court for distribution in accordance with the plan approved in the litigation and in making the order the judge was not acting merely as an arbitrator.

And so, the decisive issues are (1) whether in an equity receivership which the provisions of the Chandler Act, 11 U.S.C.A. § 1 et seq., do not control, a protective committee can have a lien on the share of stockholders in the entire group though only part of them consented to be represented by the committee and (2) whether the allowances were sufficient. As the answer to the second question will, if in the affirmative, make decision on the first unnecessary we will consider that at once.

The principles applicable are well settled. Our review is limited to a determination of whether or not there was an abuse of discretion for the action of the trial judge is presumptively correct. Stuart v. Boulware, 133 U.S. 78, 10 S.Ct. 242, 33 L.Ed. 568. As has often been pointed out in like appeals, the district court was in a much better position than are we to know what was done that was beneficial and what that was worth. Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157; Trustees Corporation v. Kansas City, M. & O. Ry. Co., 8 Cir., 26 F.2d 876.

Under such circumstances the burden on the appellants to show an abuse of discretion is often most difficult to carry and in this instance they have failed. The beneficial character of what they did rests almost entirely upon broad assertions which are met by opposing assertions quite as convincing. This committee never represented more than a minority of the stock and its cooperation by assent to the plan adopted came late. Though opposition may often be beneficial, there can be no assurance that in this instance it was. It is more probable that what the appellants did was but fruitless. We need not, and do not, so decide, however, but merely state that for its bearing on the issue of abuse of discretion. In such a situation there obviously was no such abuse in respect to these allowances and the order made by the able and experienced district judge should be affirmed.

We do not in affirming this order attempt to decide what may be the obligations of its actual depositors to the committee.

Order affirmed.