**INTERTYPE CORPORATION, Plaintiff-Appellee,**

v.

**CLARK–CONGRESS CORPORATION, Defendant-Appellant.**

**No. 12050.**

United States Court of Appeals Seventh Circuit.

Nov. 13, 1957.

Don H. Reuben, Saul A. Epton, Chicago, Ill., Kirkland, Fleming, Green, Martin & Ellis, Epton, Scott, McCarthy & Epton, Chicago, Ill., of counsel, for appellant.

Perry W. Morton, Asst. Atty. Gen., Robert Tieken, U. S. Atty., Chicago, Ill., Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., for amicus curiae.

Sherwood K. Platt, Charles L. Stewart, Jr., Chicago, Ill., Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

This is an appeal from an order of the district court denying recovery of a supersedeas bond premium as an item of taxable costs. This is the fourth time the parties have appeared in this court. See Intertype v. Clark-Congress, 7 Cir., 219 F.2d 90; Intertype v. Clark-Congress, No. 11559, dismissed on motion of appellant, Clark-Congress; Intertype Corp. v. Clark-Congress, 7 Cir., 240 F.2d 375. In the last of these cases, we reversed a judgment in favor of Intertype. Upon remand the clerk of the district court, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., taxed costs in favor of Clark-Congress.

Included in the taxable items was the premium on the supersedeas bond filed by Clark-Congress. Upon a timely petition to review the assessment, the court excluded this premium. It is the position of Clark-Congress that the district court was without power so to act in light of Rule 11, Civil Rules of the District Court for the Northern District of Illinois, which reads: "If costs shall be awarded by the court to either or any party then the reasonable premiums or expenses paid on all bonds or stipulations or other security given by that party in that suit shall be taxed as part of the costs of that party."

■■■ Intertype first contends that an appeal does not lie from an order assessing costs. Certainly, as a general rule, such an assertion is well-founded when the question presented does not concern the *power* to act. Wingert v. First National Bank, 223 U.S. 670, 672, 32 S.Ct. 391, 56 L.Ed. 605; City National Bank of Fort Worth v. Hunter, 152 U.S. 512, 516, 14 S.Ct. 675, 38 L.Ed. 534; Stuart v. Boulware, 133 U.S. 78, 82, 10 S.Ct. 242, 33 L.Ed. 568; Paper-Bag Cases, 105 U.S. 766, 772, 26 L.Ed. 959; Kemart Corp. v. Printing Arts Research Lab., 9 Cir., 232 F.2d 897. However, the rule does not apply when the *power* or *right* of the court to assess certain items of cost is in dispute. As the court said, in Williams v. Sawyer Bros., 2 Cir., 51 F.2d 1004, 81 A.L.R. 1527: "We have recently held in a suit in the admiralty (New Jersey Shipbuilding & Dredging Co. v. James McWilliams Blue Line, 2 Cir., 49 F.2d 1026), that there can be no appeal whose only purpose is to challenge the propriety of an award of costs at least unless the power of the court be at issue. The abuse of the court's discretion was in that case clear, but the appeal involved no question as to the legality of any of the items taxed. *The contrary is true here; nobody disputes the defendant's right to costs, but the question arises as to what items can lawfully be included. Upon that question an appeal lies to this court.* Newton v.

Consolidated Gas Co., 265 U.S. 78, 83, 84, 44 S.Ct. 481, 68 L.Ed. 909." (Emphasis supplied.) Inasmuch as the issue before us concerns the power of the district court to act, we conclude that the general rule is inapplicable and that this appeal is properly before us.

■■ However, as the judgment for costs assessed below has been satisfied, plaintiff further attacks defendant's right to prosecute this cause on the theory that an appeal will not lie from a judgment from which appellant has benefited. Selected Products Corp. v. Humphreys, 7 Cir., 86 F.2d 821; Smith v. Morris, 3 Cir., 69 F.2d 3. However, it is widely accepted that where the order is divisible, one may accept the beneficial provisions thereof and at the same time question that portion which is adverse. As pointed out in Carson Lumber Co. v. St. Louis & S. F. R. Co., 8 Cir., 209 F. 191, 193, 194: "It is undoubtedly the general rule that a party who obtains the benefit of an order or judgment, and accepts the benefit or receives the advantage, shall be afterwards precluded from asking that the order or judgment be reviewed. Nevertheless, this rule is not absolute where the judgment or decree is not so indivisible that it must be sustained or reversed as a whole. It has no application to cases where the appellant is shown to be so absolutely entitled to the sum collected upon the judgment that the reversal of it will not affect his right to the amount accepted * * *." See also, Reynes v. Dumont, 130 U.S. 354, 394, 9 S.Ct. 486, 32 L.Ed. 934; Embry v. Palmer, 107 U.S. 3, 8, 2 S.Ct. 25, 27 L.Ed. 346; Fifth Avenue Bank of New York v. Hammond Realty Co., 7 Cir., 130 F.2d 993, 994. Here, there is no doubt but that Clark-Congress was entitled to the other costs allowed, namely, printing expenses as well as docket and court fees. They are separate and distinct elements and, by accepting payment for them, Clark-Congress is not estopped from appealing from that part of the order which was adverse to it.

■ We proceed to the merits. Rule 11 of the District Court states unequivocally that in a situation where costs are awarded, reasonable bond premiums are to be included. And, there is no question but that costs were properly awarded to Clark-Congress. Therefore, it would logically appear to follow that the premiums paid on the bond should have been included in taxable costs.

In rebuttal, appellee makes three arguments. First, it is its position, that, as Clark-Congress, a dissolved corporation, was required by Illinois law to post this bond, it should be absolved from any obligation to reimburse. Chapter 32, Section 157.79 of the Illinois Revised Statutes provides that a dissolved corporation must adequately provide for the payment of its obligations. Assuming the correctness of Intertype's premise, namely, that Illinois law required appellant to post this supersedeas bond, we reject the conclusion advanced for various reasons. First, the mere fact that Clark-Congress was obligated to file this bond, has, in our view, absolutely no bearing on the matter at hand, for Rule 11 of the District Court allows the recovery of security premiums without regard to the reason for the posting of the security. Furthermore, this bond was posted as security for a potential obligation created by this appellee when the original cause of action was instituted. Thus, in any event, it, as the causative force, should not be heard to assert that the fact that the Illinois law requires the filing of a bond, excuses it from liability.

■ In a previous case before the district court between the parties, (51C 2024), a supersedeas bond premium was disallowed by the court as an item of taxable costs. An appeal, No. 11559, was taken by Clark-Congress, but was dismissed on appellant's motion. It is urged that the trial court's determination in this prior action is decisive of the issue presently before us. Obviously, such an application of the doctrine of *res judicata* is erroneous, inasmuch as the nature of the subject matter involved in the instant action, i. e., the present supersedeas bond, is not the same subject matter in any respect as that with which the district court was confronted in the prior action. The court in the earlier cause had before it a separate and distinct bond.

■ Finally, it is Intertype's position that to allow Clark-Congress to recover this cost item in effect constitutes a recovery of costs by the United States in a condemnation proceeding, which is expressly forbidden by Rule 71A of the District Court. See Grand River Dam Authority v. Jarvis, 10 Cir., 124 F.2d 914, 916; In re Post Office Site, in Borough of the Bronx, 2 Cir., 210 F. 832. This contention is based upon an indemnity agreement existing between Clark-Congress and the United States. The argument lacks merit. First, the validity of the indemnity provision is very much in question, due to the fact that the Comptroller General has rendered an opinion that the agreement is invalid. Secondly, it is uncertain whether the provision encompasses costs or legal expenses. And, further, we think that Intertype's theory of "ultimate benefit" accruing to the government can not logically be considered as a recovery of costs by the government. The relationship is too tenuous. Where a private party has, pursuant to an agreement with the government, protected itself against loss, the mere fact that no loss occurs cannot, by any parity of reasoning, be equated with an affirmative recovery by the indemnifying party. All that can be said is that the condition precedent to liability on the indemnity agreement never occurred.

As the district court was without power to exclude the supersedeas bond premium from taxable costs, the decision is reversed and remanded for further proceedings in accord with this opinion.